43. This provision is reinforced by Section 4.6 of the Note, which states that "[t]he prevailing party [in an action relating to the Note] shall be entitled to recover from the other party its reasonable attorneys' fees and costs." (Exhibit A, §4.6).

44. Finally, the parties agreed that "[i]n the event that any provision of this Note is invalid or unenforceable under any applicable statute or rule of law, then such provision shall be deemed inoperative to the extent that it may conflict therewith and shall be deemed modified to conform with such statute or rule of law." (Exhibit A, § 4.6).

### FIRST CLAIM FOR RELIEF
(FAILURE TO DELIVER SHARES: PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF)

45. EMA realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Pursuant to the agreement between the parties, TXHD is obligated to deliver to EMA 3,773,580 shares of its Common Stock, along with any necessary resolutions and legal opinions for EMA to sell the shares publicly without restriction.

47. Despite its obligation to do so, TXHD has failed and refused to deliver said shares of stock, resolutions, and legal opinions to EMA.

48. As a result of such refusal by TXHD, EMA has suffered damages.

49. EMA has no adequate remedy at law.

50. In the absence of injunctive relief, EMA will suffer irreparable harm.

51. EMA requests, therefore, that the Court enter an Order, preliminarily and permanently, requiring TXHD to deliver immediately to EMA 3,773,580 shares of its Common Stock, along with the necessary corporate resolutions and legal opinions to enable EMA to sell such Common Stock publicly without restriction.

### SECOND CLAIM FOR RELIEF
(FAILURE TO DELIVER SHARES: DAMAGES)

52. EMA realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. EMA, therefore, is entitled to an award of damages in an amount to be determined at trial, but not less than ninety-five thousand dollars ($95,000).

### THIRD CLAIM FOR RELIEF
(FAILURE TO RESERVE SHARES: PRELIMINARY & PERMANENT INJUNCTION)

54. EMA realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. Pursuant to the agreement between the parties, TXHD is required at all times to have authorized and reserved five (5) times the number of shares that is actually issuable upon full conversion of the Note.

56. Despite its obligation to do so, TXHD has failed and refuses to issue instructions to its transfer agent regarding EMA's share reserve, effectively impeding EMA from effectuating its conversion right under the Note.

57. As a result of such failure by TXHD, EMA has suffered damages.

58. EMA has no adequate remedy at law.

59. In the absence of injunctive relief, EMA will suffer irreparable harm.

60. Consequently, EMA requests, that this Court enter an Order, preliminarily and permanently, requiring TXHD to provide fully executed Irrevocable Transfer Agent Instructions to its designated transfer agent in the form initially delivered pursuant to the Purchase Agreement, instructing it to reserve 34,000,000 shares of TXHD common stock for the purposes of effectuating conversions under the Textmunication Holdings, Inc. 12% Convertible Note held by EMA.

### FOURTH CLAIM FOR RELIEF
(FAILURE TO COMPLY WITH THE EXCHANGE ACT: PRELIMINARY & PERMANENT INJUNCTION)

61. EMA realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Pursuant to the agreement between the parties, TXHD is required to comply with the reporting requirements of the Securities Exchange Act.

63. Despite its obligation to do so, TXHD has failed and refuses to file its quarterly report with the SEC, in an effort to deter EMA from trading TXHD stock.

64. As a result of such failure by TXHD, EMA will suffer damages.

65. EMA has no adequate remedy at law.

66. In the absence of injunctive relief, EMA will suffer irreparable harm. Consequently, EMA requests, that this Court enter an Order, preliminarily and permanently, requiring TXHD to file any and all reports required under the Securities Exchange Act, including without limitation, its quarterly report for the period ended September 30, 2015, and any other reports required to remedy its delinquent status.

### FIFTH CLAIM FOR RELIEF
(ANTICIPATORY BREACH OF CONTRACT: PRELIMINARY & PERMANENT INJUNCTION)

67. EMA realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68. TXHD's failure to deliver shares of stock and otherwise comply with its obligations upon EMA's partial conversion of the Note constitutes an anticipatory breach by TXHD of its obligation to convert the remainder of the Note into shares of Common Stock.

69. As a result of such anticipatory breach by TXHD, EMA has been damaged.

70. EMA has no adequate remedy at law.

71. EMA therefore requests that the Court enter an Order, preliminarily and permanently, directing TXHD to honor, in accordance with the agreement between the parties, all conversion requests hereafter duly submitted by EMA to convert all or any portion of the Note into shares of TXHD Common Stock, and

directing TXHD to deliver all necessary corporate resolutions and legal opinions necessary to enable EMA to sell such shares publicly without restriction.

## SIXTH CLAIM FOR RELIEF
(ANTICIPATORY BREACH OF CONTRACT: DAMAGES)

72. EMA realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73. EMA is therefore entitled to an award of damages in an amount to be determined at trial, but not less than ninety-five thousand ($95,000).

## SEVENTH CLAIM FOR RELIEF
(CONVERSION: PRELIMINARY & PERMANENT INJUNCTION)

74. EMA realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 73 of this Complaint as if fully set forth herein.

75. EMA has a right to possession of the shares which TXHD has refused to deliver, which right is greater than TXHD's right to possess those shares.

76. TXHD has wrongfully interfered with EMA's right to possess those shares, which interference constituted conversion of those shares by TXHD.

77. As a result of TXHD's wrongful conversion of the shares, EMA has been damaged.

78. EMA has no adequate remedy at law.

79. EMA requests, therefore, that the Court enter an order, preliminarily and permanently, requiring TXHD to deliver immediately to EMA 3,773,580 shares of its Common Stock, along with the necessary corporate resolutions and legal opinions to enable EMA to sell such common stock publicly without restriction.

## EIGHTH CLAIM FOR RELIEF
(CONVERSION: DAMAGES)

80. EMA realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81. EMA, therefore, is entitled to an award of damages in an amount to be determined at trial, but not less than seventy-five thousand and five-hundred dollars ($75,500).

### NINTH CLAIM FOR RELIEF
(COSTS, EXPENSES & ATTORNEYS' FEES)

82. EMA realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 81 of this Complaint as if fully set forth herein.

83. In accordance with Sections 3.16, 4.5 and 4.6 of the agreement between the parties, TXHD agreed to pay all costs and expenses, including reasonable attorneys' fees and expenses, incurred by EMA in collecting any amount under the Note.

84. Therefore, EMA is entitled to an award against TXHD for costs and expenses incurred in the prosecution of this lawsuit, including reasonable legal fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff EMA Financial, LLC seeks judgment against Defendant Texmunication Holdings, Inc. as follows:

i. On the First and Seventh Claims for Relief, EMA requests an Order, preliminarily and permanently, requiring TXHD to deliver 3,773,580 shares of its Common Stock, along with the necessary corporate resolutions and legal opinions to enable EMA to sell such Common Stock publicly without restriction; and

85. On the Fourth Claim for Relief, EMA requests an Order, preliminarily and permanently, directing TXHD to honor, in accordance with the agreement between the parties, all conversion requests hereafter duly submitted by EMA to convert all or any portion of the Note into shares of TXHD Common Stock, and directing TXHD to deliver all necessary corporate resolutions and legal opinions necessary to enable EMA to sell such shares publicly without restriction.

ii. On the Fourth Claim for Relief, EMA requests an Order, preliminarily and permanently, directing TXHD to file any and all reports required under the Securities Exchange Act, including without limitation, its quarterly report for the period ended September 30, 2015, and any other reports required to remedy its delinquent status.

iii. On the Second, Sixth, and Eighth Claims for Relief, for damages in an amount to be determined at trial, but not less than ninety-five thousand ($95,000); and

iv. On the Third Claim for Relief, for an Order, preliminarily and permanently, directing TXHD to honor, in accordance with the agreement between the parties, all conversion requests hereafter duly submitted by EMA to convert all or any portion of the Note into shares of TXHD Common Stock, and directing TXHD to deliver all necessary corporate resolutions and legal opinions necessary to enable EMA to sell such shares publicly without restriction; and

v. On the Ninth Claim for Relief for an award of EMA's costs and expenses in prosecuting this action, including reasonable legal fees; and

vi. On all Claims for Relief, for interest, attorneys' fees and the costs and disbursements of this action; and

vii. For such other further relief as the Court may deem just, proper, and in the interest of justice.

DATED:   NEW YORK, NEW YORK
         DECEMBER 1, 2015

                                                RESPECTFULLY SUBMITTED,
                                                GARSON, SEGAL,
                                                STEINMETZ, FLADGATE LLP
                                                *ATTORNEYS FOR PLAINTIFF*

                                                BY:  _____
                                                     KEVIN KEHRLI (KK1536)
                                                     MICHAEL STEINMETZ (3164)
                                                     164 WEST 25TH STREET
                                                     SUITE 11R
                                                     NEW YORK, NY 10001
                                                     TELEPHONE: (212) 380-3623
                                                     FACSIMILE: (347) 537-4540
                                                     EMAIL: KK@GS2LAW.COM

16

## VERIFICATION

STATE OF NEW YORK   :
                    SS.
COUNTY OF NEW YORK:

Felicia Preston, of competent age, being duly sworn according to law, upon her oath deposes and says:

I am a Director of EMA Financial, LLC, and am familiar with the events referenced in the Verified Complaint.

I have reviewed the Verified Complaint and based on my review of our files and my personal involvement in the dealings of EMA Financial, LLC, the factual matters contained herein are true to the best of my knowledge.

_____
Felicia Preston

Sworn and subscribed to before
me this 1st day of December, 2015

_____
Notary Public

MARGERY NELL MURRIEL
Notary Public, State of New York
No. 01MU6247130
Qualified in Kings County
Commission Expires Aug. 22, 2019